## ORONO BANK *versus* JOHN M. WOOD.

Where a draft, which was drawn on a firm in Philadelphia, was protested for non-acceptance, the certificate of the notary that he had "duly notified the drawer and indorser," (who were citizens of this State,) is, by the law of the State of Pennsylvania, where the draft was payable, evidence of the facts certified by the notary, — and, in the absence of contradictory proof, sufficient to charge the indorser.

In this State, likewise, the notary's certificate is, *prima facie,* sufficient; but not so conclusive, as to exclude explanatory or contradictory evidence.

In an action against the indorser of the draft, the holder will be entitled to damages at the rate of six per cent. additional to the contents of the bill and interest; for the statutes of 1841 and 1857 are not materially variant; the difference in phraseology was only for the purpose of condensation.

REPORTED from *Nisi Prius,* by APPLETON, J.

THIS was an action of ASSUMPSIT against the defendant, as indorser of a draft drawn by James Black, on F. A. Van Dyke, jr., & Co., of Philadelphia, payable to the order of said Wood, and by him indorsed. It was dated, Bangor, September 12th, 1856, and was protested for non-acceptance.

The defendant objected to the protest, as insufficient evidence to charge the indorser; but the presiding Judge ruled that it was sufficient, in the absence of other evidence. The specific objection thereto is stated in the opinion of the Court.

A question arose as to damages payable for dishonor; the plaintiffs claiming, that Pennsylvania was not one of the States designated in the statute as an "Atlantic State," and, being "southerly of New York," they were entitled to nine per cent. The defendant contended that it was not designed by the statute of 1858 to alter the statute of 1841, and that, if the plaintiffs were entitled to recover on the draft, only six per cent. could be assessed as damages for dishonor.

The defendant was defaulted, the parties agreeing that the case should be reported for the decision of the full Court. If the ruling as to the sufficiency of the protest was

erroneous, the case should stand for trial; otherwise, the default was to stand, and the Court should determine the question of damages for dishonor.

*W. C. Crosby*, for the plaintiffs.

*J. A. Peters*, for the defendant.

The opinion of the Court was drawn up by

CUTTING, J. — The defendant contends that he is not liable as indorser of the draft, because the notary, in his protest, certified generally, that he had "duly notified the drawer and indorser," without stating *what* notice was given, *how* given, and, particularly, *where* such notice was addressed.

In *Bradley* v. *Davis*, 26 Maine, 45, this Court had under consideration the protest of a similar tenor, and WHITMAN, C. J., in the opinion, remarks, that "the statute of this State, c. 44, § 12, has provided, that such notarial certificate shall be legal evidence of the facts stated in it, as to the notice given to the drawer or indorser, in any court of law. It is not said in the statute, that such certificate shall be conclusive evidence of those facts; and, it would seem, if it should be taken to be conclusive, that it ought to be specific, as to the mode in which the notices were given, by stating whether they were verbal or in writing, and, if in writing, whether the writing was delivered to the person or persons notified, or despatched by some other mode of conveyance; and, if so, by what mode, and when sent, and to what place addressed. But, if it be considered that the certificate is defective, the necessary facts may be supplied *aliunde*." In that case, the plaintiff unnecessarily produced the deposition of the notary, who testified, on his direct examination, that he had examined the protest, found it to be in his handwriting, and that the statements in it were true; and the whole defence was subsequently elicited from answers to cross interrogatories. Hence, it is inferable from that decision, that the protest is sufficient *prima facie*, but not so conclusive as to exclude evidence either explanatory or contradictory.

In *Ticonic Bank* v. *Stackpole*, 41 Maine, 321, a construction was given to a notarial protest, similar in its character, so far as the question now under consideration becomes material. In defence, it appeared that the indorser resided in the same town where the note was payable and protested. Hence, it was contended that the kind of notice should have been certified, for if not verbal, but by a written communication through the post office, it would have been insufficient; but the Court held, that, under the circumstances, it was legally inferable that the notice was verbal; but, had the indorser proved that he resided at the time in another town, no reason is perceived, why it would not have been equally inferable, by parity of reasoning, that the notice was in writing, and addressed, through the post office, to the party to be charged. So that the protest in the latter, like that in the former case cited, was, *prima facie*, sufficient to charge the indorser. But, the rule of law as to notice in this State is not material in this case, as the draft was payable in Philadelphia, and must, therefore, be governed by the law of Pennsylvania. By the Act of Assembly, of that State, passed June 2d, 1815, the certificate is evidence of the facts therein certified, and, in the absence of contradictory proof, it is sufficient. *Sherer* v. *Easton Bank*, 9 Casey, 134. Consequently, according to the agreement of the parties, the *default is to stand*, and damages are to be assessed by any Judge before whom the defendant may show any partial payments. In assessing which, he will allow, in addition to the contents of the bill and interest, damages at the rate of six per cent., for we consider the statute of 1841 and that of 1857 not to be materially variant, although the phraseology is somewhat different, but only for the purpose of condensation, latitude being substituted in the latter for enumerated States, *eo nomine*, in the former.

TENNEY, C. J., RICE, APPLETON, MAY and KENT, JJ., concurred.